IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-02142-RBJ

MICHAEL J. PAQUIN, an individual,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,
a New Jersey for-profit corporation,

    Defendant.

ORDER on ATTORNEY'S FEES and COSTS

In an order issued on July 26, 2018 this Court reversed defendant's termination of Long Term Disability ("LTD") benefits; ordered that the Michael J. Paquin is entitled to past LTD benefits from the date of termination (January 8, 2015) through the date of judgment, with interest; ordered that Mr. Paquin's LTD benefits would be reinstated as of the date of judgment and going forward; and permitted Mr. Paquin to file a motion for attorney's fees and costs pursuant to 29 U.S.C. § 1132(g). ECF No. 57 at 13. Final Judgment was entered accordingly on July 26, 2018. ECF No. 58.

Mr. Paquin filed a motion asking for an award of attorney's fees, costs and interest in the amount of $59,980; costs in the amount of $17,845; and prejudgment interest in the amount of $33,364.75. ECF No. 61. Before the defendant responded the parties notified the Court that they had resolved the amount of LTD benefits, interest, attorney's fees and costs and would file

1

their stipulation of dismissal upon reaching agreement on the terms of a settlement agreement. ECF No. 64. However, the settlement fell through, and plaintiff filed a second motion for attorney's fees, costs and interest. ECF No. 69. The second motion, as supplemented, requests an award of attorney's fees in the amount of $66,920; costs in the amount of $17,845; and pre-judgment interest in the amount of $33,364.75. ECF No. 70 at 2.

In response defendant informed the Court that it does not challenge the reasonableness of the time expended by plaintiff's counsel through judgment or counsel's hourly rate. ECF No 72 at 1. However, defendant did challenge three components of the total award sought by plaintiff: (1) fees paid to doctors to render opinions during the administrative phase of plaintiff's claim; (2) expert witness fees paid to an attorney who evaluated the reasonableness of plaintiff's attorney's fees; and (3) the fees charged by plaintiff's counsel for time spent on post-judgment settlement efforts. *Id.* at 1-2. Plaintiff has filed a reply. ECF No. 73. The Court held oral argument on the motion on May 28, 2019 and took the matter under advisement.

## FINDINGS AND CONCLUSIONS

**A. <u>Amounts Paid to Doctors During Administrative Phase</u>.**

"In any action under [ERISA] . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The key is that fees and costs of the "action" are authorized. The "action" is this lawsuit. Defendant states, and plaintiff has not disputed, that every circuit court that has considered the issue "has agreed that fees and costs incurred during the administrative phase are not compensable under § 1132(g)(1)." ECF No. 72 at 3-4 (citing cases from the Second, Third, Fourth, Sixth, Ninth and Eleventh Circuits). A magistrate judge in this district reached the same

conclusion. *See Cross v. Qwest Disability Plan,* No. 08-cv-00516-PAB-KMT, 2010 WL 5476790, at *6 (D. Colo. Dec. 30, 2010) ("Congress, in enacting ERISA, clearly did not intend to provide for the recovery of attorney's fees for work performed in connection with the administrative review undertaken by a petitioner's counsel.").

Under the "American Rule," a prevailing party generally cannot recover his attorney's fees absent a statute or enforceable contract. *Schnell v. OXY USA Inc.,* 814 F.3d 1107, 1124 (10th Cir. 2016). Here, the statute authorizes an award of attorney's fees and costs incurred in the "action," not in the administrative phase that preceded the action. That is not to say that the fees incurred on independent doctors during the administrative phase were not well spent. However, the Court is not authorized to award them. Accordingly, I deny plaintiff's request for an award of $10,575 for amounts paid to doctors during the administrative phase.

**B. Expert Witness Costs Incurred for an Attorney's Fee Expert.**

ERISA authorizes an award of costs incurred in this action but does not specify what costs may be awarded. Plaintiff incurred $6,750 for the cost of an attorney's fees expert. However, "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987). ERISA provides no explicit authorization for an award of expert witness fees. *See Holland v. Valhi Inc.,* 22 F.3d 968, (10th Circ. 1994). Neither 28 U.S.C. § 1821 nor § 1920 authorizes expert witness fees. *See Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir. 1983). Accordingly, without meaning to suggest that the charges of the attorney's fee expert were unreasonable, I must deny plaintiff's request for an award of those costs.

3

C.     **Attorney's Fees for Time Spent on Settlement**.

Fees incurred in preparing an attorney's fee request may be awarded. *See Case v. Unified School District No. 233, Johnson County, Kansas,* 157 F.3d 1243, 1253-54 (10th Cir. 1998). Defendant does not disagree with that general proposition. ECF No. 72 at 7. It apparently is undisputed that fees related to the preparation of the fee application, as supported by the itemized billing records of plaintiff's counsel, may be awarded. I calculate the amount at $10,800. *See* ECF No. 70-1 at 15, 16 and 19 (entries for July 27, 2018 through August 16, 2018 and October 22, 24 and 30, 2018).

Defendant does, however, dispute attorney's fees incurred by plaintiff's counsel for work on the unsuccessful efforts to settle the issues concerning attorney's fees, costs and interest after summary judgment was entered in plaintiff's favor. Defendant's rationale is that those fees were neither incurred in the "action" nor in preparation of plaintiff's fee application. This time I do not agree.

If attorney's fees incurred in preparing a fee application are awardable in ERISA cases, as I have found and defendant concedes, then those fees must have been incurred in the "action." If so, it follows logically that the efforts to settle the fee amount in lieu of a contested fee application and award by the Court are incurred in the "action." The "action" was not completed when the summary judgment order was entered. The Court's order and judgment in favor of Mr. Paquin included the provision that plaintiff could file an appropriate motion for fees and costs pursuant to 29 U.S.C. § 1132(g). The parties' settlement efforts were part and parcel of the effort to determine the reasonable amount of fees and costs. Defendant cites *Cross,* 2010 WL 5476790 at *10 as contrary authority. However, that case did not present the issue here, i.e.,

whether fees reasonably incurred in an effort to settle the amount of a court-awarded attorney's fee are recoverable. Moreover, a contrary ruling on the present facts would make no sense, as it would discourage settlement and encourage litigation of the amount of fees and costs incurred.

Defendant also complains that some of counsel's time records relating to the settlement efforts group multiple tasks together and are not specific as to the work performed. ECF No. 72 at 7. However, defendant does not cite specific line entries, either in its brief or during the hearing. Rather, defendant notes that it is the requesting party's burden to justify the amounts requested.

I have reviewed the line items that appear to be attributable to the unsuccessful settlement efforts. ECF No. 70-1 at 17-19 (entries for August 22, 2018 through October 19, 2018). Although plaintiff calculates the amount at $6,020, my calculation is $4520. That likely is because I placed certain entries in different categories than did plaintiff's counsel. Based on my review of the line items, I find no basis on which disallow any of the time recorded, either on the basis of "block billing" or otherwise.

**D. Plaintiff's Second Supplement.**

Plaintiff has submitted a "second supplement" in which he seeks an award of additional attorney's fees incurred between April 4 and June 4, 2019. ECF No. 82. This is for 14.95 hours or $5,980.00 at counsel's hourly rate. The Court declines this request because there is no indication that counsel conferred with opposing counsel before filing what in substance is a motion for additional fees. *See* D.C.COLO.LCivR 7.1(a).

In addition, I note that some of the work was for preparation and presentation at the May 28, 2019 hearing, at which plaintiff did not prevail on two of the three disputed issues. The

5

request includes time spent on an attorney's lien which should not be billed to the defendant. A significant amount of time was charged for the calculation of post-judgment interest which was a simple mathematical calculation which was not contested. I find that the overall award of fees, costs and interest as set forth in this order reasonably and fairly compensates plaintiff and counsel.

### E. **Interest**.

The defendant does not challenge plaintiff's entitlement to, or calculation of, an award of prejudgment interest. The defendant has also accepted plaintiff's calculation of post-judgment interest. *See* ECF No. 81.

### IV. ORDER

For the reasons set forth above, the Court ORDERS that plaintiff's second motion for attorney's fees, costs and interest, ECF No. 69 is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded the following amounts, which shall be reflected in an Amended Final Judgment:

1. $51,580 in attorney's fees incurred through July 26, 2018, the date of the summary judgment order and the original Final Judgment.
2. $10,800 in attorney's fees incurred in the preparation of the attorney's fee application.
3. $4,520 in attorney's fees incurred in connection with efforts to settle the disputes concerning attorney's fees, costs and interest.
4. $33,364.75 in prejudgment interest.
5. Post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961. Per the parties' stipulation, the Court awards $4,549.45 in post-judgment interest through

June 6, 2019. Unless the parties agree otherwise, post-judgment interest will continue and be calculated in the same manner from June 7, 2019 until the judgment is satisfied.

DATED this 10th day of June, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge